IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-N-2255 (CBS)

PRISCILLA YOUNG,
  Plaintiff,
v.

GLOBAL 3, INC., a Canadian corporation, and
WAYNE S. EDWARDS,
  Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 26 2005

GREGORY C. LANGHAM
CLERK

---

## MEMORANDUM ORDER REGARDING PLAINTIFF'S MOTION TO REDUCE FEE

---

Magistrate Judge Craig B. Shaffer

THIS MATTER comes before the court on Plaintiff Young's Motion to Reduce Fee for Defendant's Witness, David Baskin, M.D., filed on March 21, 2005. The instant motion seeks an Order reducing the expert fees claimed by Defendants' expert witness, Dr. Baskin in connection with a deposition noticed by Plaintiff Young and conducted on January 20, 2005. Plaintiff contends that Dr. Baskin's hourly rate of $1,200 for that deposition is unreasonable. Defendants Global 3, Inc. and Wayne Edwards filed a Brief in Opposition on April 11, 2005. By an Order of Reference, dated November 13, 2005, this case was referred to the Magistrate Judge to, *inter alia*, "hear and determine any pretrial matter, including discovery matters and non-dispositive motions." The court has carefully considered the parties' briefs,[1] the entire case file, the applicable case law, and the arguments of counsel during a hearing on May 26, 2005. For the

---

[1] I note that Plaintiff's motion cites no supporting case law. Defendants' Brief in Opposition contains only two case citations. I would have expected more effort from counsel.

1

following reasons, Plaintiff Young's motion is granted.

Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure provides that "the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery," unless manifest injustice would result. *See* Fed.R.Civ.P. 24(b)(4)(C). In determining a reasonable fee for an expert under Rule 24(b)(4)(C), several factors may be relevant:

> (1) the witness' area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually being charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

*See U.S. Energy Corp. v. Nukem, Inc.*, 163 F.R.D. 344, 345-46 (D. Colo. 1995). *See also Mathis v. NYNEX*, 165 F.R.D. 23, 24-25 (E.D.N.Y. 1996); *Jochims v. Isuzu Motors, Ltd.*, 141 F.R.D. 493, 496 (S.D. Iowa 1992). The expert's fee should not be so high as to impair a party's access to necessary discovery or result in a windfall to the expert. *Mathis v. NYNEX*, 165 F.R.D. at 24.

Defendants raise two arguments in opposition to Plaintiff's motion. First, Defendants seem to argue that Plaintiff's motion to reduce expert fees is barred by the parties' earlier "agreement" as memorialized in a document prepared by Dr. Baskin in advance of his deposition. That document purported to "clearly outline for all involved [Dr. Baskin's] policies concerning depositions." Dr. Baskin charges a $4,000 preparation fee, which covers his review of all records and x-rays, an analysis of the pleadings and available discovery, and meeting with counsel prior to the deposition. As for the deposition itself, Dr. Baskin's fee is $1,200 per hour, "whether for a full hour or any portion thereof. A check to cover the first two hours must be received prior to

2

the deposition." In short, Defendants argue that Dr. Baskin's expert deposition fee was clearly stated in advance of the deposition and "Dr. Baskin has charged exactly what the fee agreement provided."

The court is not persuaded by this argument. Defendants' Brief does not cite, and this court has not found, any judicial precedent holding that litigants may over-ride the court's discretion to set a reasonable expert fee under Rule 26(b)(4)(C). *Cf. Edin v. Paul Revere Life Ins. Co.*, 188 F.R.D. 543, 545-46 (D. Ariz. 1999) (holding that the court must exercise its discretion in determining what constitutes a "reasonable fee" for an expert witness at deposition). In *U.S. Energy Corp.*, the parties had agreed, in advance of any depositions, that experts would be paid "their normal hourly fee" for time spent in depositions. Notwithstanding the parties' agreement to pay a normal hourly fee, the court awarded less than the expert's stated hourly rate, noting that

> there must be some reasonable relationship between the services rendered and the remuneration to which the expert is entitled. Unless the courts patrol the battlefield to insure fairness, the circumstances invite extortionate fee setting.

*U.S. Energy Corp. v. Nukem, Inc.*, 163 F.RD. at 346-47. Similarly, this court will not feel itself bound by an "agreement" which would result in a patently unreasonable fee. "[W]hile a party may contract with any expert it chooses, the court will not automatically tax the opposing party with any unreasonable fees charged by the expert." *Kernke v. Menninger Clinic, Inc.*, 2002 WL 334901, *1 (D. Kan. 2002).

Defendants also contend that Young's motion should be denied, claiming that "Plaintiff has offered no evidence showing Dr. Baskin's fee is unreasonable in Houston, Texas, where the deposition was taken." This argument implicitly suggests that Ms. Young, as the party

3

contesting the reasonableness of the expert's fee, bears the burden of persuasion under Rule 24(b)(4)(C). While I have not found any case law that directly addresses that issue, Defendants' argument is contrary to analogous fee-shifting provisions. For example, section 1988 of Title 42 of the United States Code permits the court to award reasonable attorney's fees and costs to a prevailing party in a civil rights action. *See* 42 U.S.C. § 1988(b). It is well recognized that a party requesting an award of fees and costs under section 1988 bears the burden of persuasion. *See, e.g., Sheets v. Salt Lake County*, 45 F.3d. 1383, 1391 (10th Cir. 1995); *Johnson v. University College of the University of Alabama*, 706 F.2d 1205, 1207 (11th Cir. 1983). *See also Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983) (holding that a prevailing party's burden in an application for attorneys fees is to "prove and establish the reasonableness of each dollar, each hour, above zero"). Similarly, I conclude that the party entitled to expert fees under Rule 26(b)(4)(C) bears the burden of persuasion on the issue of reasonableness.

In this case, Defendants' Brief in Opposition fails to address any of the factors deemed relevant for purposes of the court's analysis under Rule 26(b)(4)(C). Under the circumstances, the court's discretion must be guided by the limited information in the record. *Cf. McClain v. Owens-Corning Fiberglas Corp.*, 1996 WL 650524, *4 (N.D. Ill. 1996). The court has no information concerning Dr. Baskin's education or experience as a physician or designated expert, and no information concerning prevailing rates charged by other comparably respected available experts. As to the nature, quality and complexity of the discovery responses provided by Dr. Baskin, it would appear that the deposition lasted approximately 1 ½ hours. While I have not been provided with the complete transcript of Dr. Baskin's deposition, I am aware that some portion of that deposition was devoted to reviewing Dr. Baskin's educational background and

4

non-surgical activities. As for the balance of the deposition, I will presume that Dr. Baskin merely reiterated opinions and conclusions previously disclosed in his expert report. Under the circumstances, I find nothing so unusual or remarkable about this deposition as to justify an hourly rate of $1,200.

Defendants suggest that "a scheduled deposition prevents Dr. Baskin 'from performing surgery or continuing with [his] normal routine.'" There is nothing in the record to support this sweeping assertion. To the contrary, it appears that the deposition started two hours late in order to accommodate a scheduled surgery that lasted longer than anticpated. Defendants also maintain there "is a vast stress difference for a medical expert witness between his routine office time and sitting for a deposition." Whatever subjective concerns or additional stress Dr. Baskin might associate with a relatively short deposition does not justify a deposition fee which is more than double the hourly rate Dr. Baskin is charging Defendants. *Cf. Jochims v. Isuzu Motors, Ltd.*, 141 F.R.D. at 496 (rejecting "subjective concerns and fears" as a basis for enhancing the expert's hourly rate by a factor of two).

Finally, the record indicates that Dr. Baskin charged the Defendants $5,000 for ten hours spent reviewing records and preparing a written report pursuant to Fed.R.Civ.P. 26(a)(2)(B). This $500 hourly rate takes on additional significance given the minimal information provided by Defendants in support of Dr. Baskin's deposition fee request. In the absence of any persuasive support proffered by Defendants, the court must conclude that the deposition hourly rate of $1,200 charged to Plaintiff is grossly excessive. *Compare Dominguez v. Syntex Laboratories, Inc.*, 149 F.R.D. 166, 170 (S.D. Ind. 1993) (reducing plaintiff's expert's hourly rate for depositions from $800 to $341); *Jochims v. Isuzu Motors, Ltd.*, 141 F.R.D. at 496 (reducing

plaintiff's expert fee from the requested $500 per hour to $250 per hour); *Goldwater v. Postmaser General*, 136 F.R.D. 337, 340 (D. Conn. 1991) (awarding plaintiff's expert $200 per hour rather than the $450 per hour requested for time spent in a deposition)

Accordingly, for the foregoing reasons, Plaintiff Young's Motion to Reduce Fee for Defendant's Witness, David Baskin, M.D. (Document # 76), filed on March 21, 2005, is GRANTED. The court finds that a reasonable hourly rate for Dr. Baskin's deposition is $500. Dr. Baskin is hereby ORDERED to return to Plaintiff within ten (10) days of this date any amounts paid in excess of this authorized hourly rate.

DATED this 26th day of May, 2005.

BY THE COURT:

Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

**CERTIFICATE OF MAILING**
Civil Action No. 03-cv-02255-EWN-CBS

---

I hereby certify on _____May 26_____, 2005, a copy of the foregoing document entered by Magistrate Judge Shaffer was served by depositing the same in the United States mail, to the following persons:

| | |
|---|---|
| Michael S. Drew, Esq.<br>Kevin P. Ahearn, Esq.<br>Peter W. Pryor, Esq.<br>PRYOR JOHNSON MONTOYA<br>CARNEY & KARR, PC<br>5619 DTC Parkway, Ste. 1200<br>Greenwood Village, CO 80111<br>***Counsel for Plaintiff*** | Michael B. Marion, Esq.<br>DETSCH, MARION & KLAUS, PC<br>851 Clarkson Street<br>Denver, CO 80218-3205<br>***Counsel for Defendants*** |

_____
Deputy Clerk